**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL W. CANNADAY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:09-CV-1020-N** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for pretrial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se*, fee paid civil action.

Parties: Plaintiff Michael W. Cannaday is a resident of Grapevine, Texas. Defendant is the United States of America. Process was issued in this case.

Statement of the Case: Plaintiff filed this action under 26 U.S.C. § 7432, alleging the Internal Revenue Service (IRS) failed to release certain federal tax liens. He sought declaratory and monetary relief.

On August 27, 2009, Defendant filed a motion to dismiss and/or for summary judgment, asserting that Plaintiff's failure to exhaust administrative remedies deprived the court of subject matter jurisdiction and, alternatively, that Plaintiff was not statutorily entitled to relief. Plaintiff did not respond to Defendant's motion.

Findings and Conclusions:  26 U.S.C. § 7432 permits a taxpayer to bring a civil action for damages against the United States if any employee of the IRS knowingly, or by reason of negligence, fails to release a lien placed on the property of a taxpayer under 26 U.S.C. § 6325. *Information Resources, Inc. v. United States,* 996 F.2d 780, 782 (5th Cir. 1993); *McIver v. United States*, 2009 WL 1940494, *3-4 (N.D. Tex. 2009).  Section 6325(a)(1) provides that a tax lien should be released no later than 30 days after the IRS finds that the underlying tax liability, together with interest, has been satisfied or becomes legally unenforceable.  26 U.S.C. § 6325; *Information Resources, Inc.,* 996 F.2d at 782.[1]

Prior to pursuing a claim for damages in federal court, § 7432 requires a taxpayer to exhaust his administrative remedies.  26 U.S.C. § 7432(d)(1).[2]  The available administrative remedies are found in the Treasury Regulations at section 301.7432-1, which requires the

---

[1]    Section 7432 provides in pertinent parts as follows:
**(a) In general.**--If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.
**(b) Damages.**--In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the sum of–

> **(1)** actual, direct economic damages sustained by the plaintiff which, but for the actions of the defendant, would not have been sustained, plus

> **(2)** the costs of the action.

26 U.S.C. § 7432(a) and (b).

[2]    Section 7432(d) reads in part as follows:
**(1) Requirement that administrative remedies be exhausted.**--A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

26 U.S.C. § 7432(d)(1).

taxpayer to submit an administrative claim to the Internal Revenue Service in the form set forth by the regulation, stating the grounds of the claim, and the relief sought.  Treas. Reg. § 301.7432-1;  *Gandy Nursery, Inc. v. United States,* 2005 WL 1324706, at *8 (E.D.Tex. March 31, 2005)   Exhaustion of administrative remedies is a jurisdictional prerequisite to suit in federal district court.  *See Townsend v. U.S. Department of Justice, I.N.S.,* 799 F.2d 179, 181 (5th Cir. 1986) ("When exhaustion is statutorily mandated, the requirement is jurisdictional."); *see also Information Resources, Inc. v. United States,* 950 F.2d 1122, 1125 (5th Cir. 1992) (discussing difference between statutorily mandated exhaustion of administrative remedies, and judicially created doctrine of exhaustion of administrative remedies).

Plaintiff cannot demonstrate exhaustion of administrative remedies.  His lien release request dated February 2, 2009 (*see* Complaint at Exh. A) neither references § 7432, nor requests or describes any damages incurred.  Moreover, Leo De Los Santos's Declaration establishes that Plaintiff did not submit the statutorily mandated administrative claim under § 7432.  (*See* Defendant's Mot. to Dismiss at exh. 1).  Accordingly, Plaintiff has failed to meet the jurisdictional requirement of exhaustion of administrative remedies under § 7432, and his claim for monetary relief should be dismissed.  *See Venen v. United States,* 38 F.3d 100, 103 (3d Cir. 1994) (failure to exhaust administrative remedies deprived district court of jurisdiction to consider § 7432 claims); *Gandy Nursery, Inc.,* 2005 WL 1324706, at *8 (dismissing § 7432 damage claim for failure to exhaust administrative remedies).

In addition to monetary relief Plaintiff requests an order directing the "IRS District Director [to] issue a Certificate of Release of said Notice of Federal Tax Lien Pursuant to Section 6325(a)(1)."  (*See* Complaint at 6-7).  For the reasons stated above, Plaintiff's failure to

exhaust the required administrative remedies deprives this court of subject matter jurisdiction

which precludes the court from ordering the District Director to release the lien.  Moreover, §

7432 is limited to the recovery of monetary damages.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendant's motion to dismiss be

GRANTED and that Plaintiff's complaint be dismissed for want of jurisdiction.

Signed this 27th  day of October, 2009.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.